**Raymond ZINCONE et al.**

v.

**Anthony J. MANCUSO et al.**

**No. 85–98–Appeal.**

Supreme Court of Rhode Island.

April 15, 1987.

Joseph F. Penza Jr., Olenn & Penza, Kevin McAllister, Providence, for plaintiff.

Edward C. Clifton, City Sol. for City of Providence, Martin Aisenberg, Asst. City Sol., for City of Providence, for defendant.

## OPINION

KELLEHER, Justice.

The plaintiffs in this Superior Court civil action each hold the rank of patrolman in the Providence police department. The defendant is the department's chief. In their original complaint, the plaintiffs alleged that the defendant had violated various provisions of the Law Enforcement Officers' Bill of Rights Act, G.L.1956 (1984 Reenactment) chapter 28.6 of title 42, as well as their civil rights. They also sought

injunctive relief. During the pendency of this litigation, a count was added to the plaintiffs' complaint whereby they sought a declaratory judgment on the question of whether a police officer who is charged with separate but unrelated violations of department regulations is entitled under the Bill of Rights Act to a separate "hearing committee" that would consider the evidence on each charge. The issue was submitted to a Superior Court justice along with a stipulation of facts. The justice subsequently responded to the question in the negative, and this appeal ensued.

Hereafter we shall discuss the situation as it relates solely to Officer Raymond Zincone and refer to him and to the chief, Anthony J. Mancuso, by their last names. What we rule as to Zincone's claim will apply equally well to Officer David DiFolco's [1] claim.

The record indicates that on September 27, 1982, Mancuso filed a "four-count" complaint against Zincone. Each count describes an incident "involving" several alleged violations of department rules and regulations. The first count referred to a December 15, 1981 incident; the second concerned a June 12, 1981 incident; the third described a July 25, 1982 episode; and the fourth related to a June 27, 1977 situation.

On October 19, 1982, Zincone's counsel notified Mancuso of Zincone's choice of the individuals who were to represent him on the hearing committees that were to consider the evidence relating to each incident. Mancuso selected a State Police captain as his representative on the panel that would consider all the charges set forth in the complaint. In late October Mancuso notified Zincone that if he did not select one officer to hear all the incidents, he would face suspension without pay. The impasse was resolved when Mancuso was enjoined from suspending plaintiffs, and it was agreed by all parties that the question of separate committees would be resolved by amending the complaint and adding a count

---

1. DiFolco was charged in a complaint that listed four incidents; three of the four episodes are identical to three incidents set forth in the Zincone complaint.

seeking a declaratory judgment. The question posed to the trial justice was whether police officers charged with separate, unrelated incidents are entitled to separate hearing committees under the Law Enforcement Officers' Bill of Rights Act.

The purpose of the Law Enforcement Officers' Bill of Rights (the act) is "to protect the rights of policemen threatened with disciplinary action." *Lynch v. King,* 120 R.I. 868, 875, 391 A.2d 117, 121 (1978). In creating the legislation, however, the Legislature recognized that "the public has an interest in the validity of the mechanism whereby allegations of improper conduct by police officers are adjudicated," *id.* at 874, 391 A.2d at 121, and it endowed any hearing committee convened to hear such allegations with broad investigatory powers. *Id.* at 878, 391 A.2d at 123.

On several occasions this court has noted that if a departmental investigation of a police officer's conduct could result in the imposition of a disciplinary action, such as a demotion, transfer, dismissal, loss of pay, or similar action, to a permanently employed law enforcement officer, such officer is entitled to a hearing on any charge arising from the investigation before a "hearing committee" composed of three active Rhode Island law enforcement officers. Section 42–28.6–4. The hearing committee is to consist of three members, with the chief or the highest-ranking officer of the department or organization bringing the charge selecting one member of the committee, the aggrieved officer choosing another, and the two selectees appointing a third member. Section 42–28.6–1. If the selectees cannot agree within a ten-day period on the third choice, the presiding justice of the Superior Court is then authorized, upon application, to designate the third member. *Id.* The committee is empowered to consider all reasonable and probative evidence presented it, and every party before the committee may cross-examine any and all witnesses presented. Sections 42–28.6–6 and 42–28.6–9.

The act, comprehensive as it is, does not expressly provide for or prohibit the bringing of unrelated, separate charges against a police officer at a single hearing. Certain provisions, however, do indicate that the Legislature contemplated that such consolidation would be permissible. Section 42–28.6–4, providing for a right to a hearing, stipulates that "the law enforcement agency shall give notice to the law enforcement officer that he is entitled to a hearing on the *issues* by a hearing committee." (Emphasis added.) Section 42–28.6–11, delineating the powers of the hearing committee, provides that the committee may "sustain, modify in whole or in part or reverse the complaint or *charges* of the investigating authority." (Emphasis added.) The language employed by the Legislature in these sections indicates that the General Assembly contemplated that the hearing committee would hear, in certain circumstances, more than one "issue" or "charge," thus permitting the committee to hear separate and unrelated incidents of alleged misconduct.

Zincone maintains that since the act is designed to protect the rights of the police officer faced with disciplinary action, the act should not be read to permit unrelated incidents of alleged misconduct from being adjudicated by the same committee because such a practice is unfair. We disagree. As Mancuso points out, when an officer commits an act of alleged misconduct, any subsequent investigation conducted by the department might lead to any number of actions. The responsible official might conclude that no action against the officer is warranted, or the official may note the incident in the officer's file and warn against future misconduct. Section 42–28.6–2. The officer is afforded an opportunity to review a copy of the filed material. *Id.* An officer also may be suspended for two days without pay when facts underlying an incident are undisputed. Section 42–28.6–13(B). If the officer believes this action is unreasonable, the officer may appeal to Superior Court. *Id.;* § 42–28.6–12. *See International Brotherhood of Police Officers, Local No. 302 v. Town of Portsmouth,* 506 A.2d 540, 541 n. 1 (R.I.1986).

We highlight these alternative disciplinary procedures in order to point out that certain disciplinary sanctions may take

place without a bill of rights hearing. The officer obtains a right to a hearing under the act only when there is a departmental recommendation that punitive action be taken against him or her by way of a dismissal, demotion, transfer, loss of pay, reassignment, or some similar sanction. Section 42–28.6–4. An ongoing departmental investigation may uncover multiple acts of alleged misconduct. Regardless of how many incidents are uncovered, the right to a hearing under the act simply does not vest until the chief or someone in a comparable position indicates that one of the sanctions envisioned by the terms of § 42–28.6–4 will be imposed upon the individual who has been charged with a violation of departmental rules and regulations.[2] There is nothing in § 42–28.6–4 that indicates that the charges that precipitated the creation of a hearing committee may not be consolidated for determination at that hearing. As a practical matter, there may be occasions when it would be difficult for the charging authority to justify a recommendation of the type of severe punishment that triggers the creation of a hearing committee if that charging authority is relying on a single act of alleged misconduct.

Mancuso also points to the anomalous situation that would result were we to require that every separate alleged violation be adjudicated before a hearing committee. If, for example, an officer disobeyed a command given by a superior, the officer might be reprimanded by having a notation placed in his or her file. If, a month later, the officer ignored another command, the officer might be suspended for two days. Finally, if the officer ignored a command a third time, the department might then recommend dismissal to a hearing committee, citing in support of its recommendation all three incidents involving the disobeying of an order. According to Zincone, only one incident involving the disobeying of an order would be permitted to be adjudicated at any one hearing, each incident being separate and unrelated, despite the fact that the recommendation of dismissal originated out of a pattern of misconduct. Again, Mancuso accurately notes that it is not merely the evidence of each incident that would justify the dismissal recommendation, but it is the repeated nature of the incident or similar conduct that would indicate that the officer should be dismissed from the force. We have repeatedly stressed that we will not construe a statute so as to render it absurd or unreasonable. *Trembley v. City of Central Falls*, 480 A.2d 1359 (R.I.1984). Therefore, we cannot countenance a construction of the act that would require the convening of a separate hearing committee to adjudicate each act underlying a recommendation of punitive action against a police officer, particularly when it is often the repeated nature of the incidents that gives rise to the recommendation.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

---

**2.** When bringing the charges, Mancuso notified Zincone that if the respective hearing committee found him guilty of the charges, he would recommend that he be "dismissed from the department forthwith." DiFolco also received a similar communication.